**UNITED STATES of America, Plaintiff,**

**v.**

**David GARCIA, et al., Defendants.**

**No. C90–884R.**

United States District Court,
W.D. Washington,
at Seattle.

Dec. 13, 1991.

Deirdre A. Donnelly, Tax Div., Washington, D.C., for plaintiff.

Paul Frederick Blauert, Seattle, Wash., Donald D. Griffin, Mountlake Terrace, Wash., Jack Burns, Bellevue, Wash., for defendants.

ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND GRANTING NANCY RIES' A/K/A NANCY BAILEY CROSS–MOTION FOR SUMMARY JUDGMENT

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. Having reviewed the motions together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. BACKGROUND

Defendant David Garcia admitted liability to a federal tax assessment in the amount of $103,580.47 in 1984. He purchased real property on Mercer Island on December 30, 1986, at which time a tax lien in favor of the United States attached to the property. Mr. Garcia purchased the Mercer Island property by real estate contract from Charles H. Gnehm. Mr. Garcia immediately gave the property, a house, to his former partner, Nancy Ries, a/k/a Nancy Bailey (hereinafter, "Nancy Bailey"). She is the mother and now single caretaker of their two young children. Nancy Bailey and her two children currently live in the house on Mercer Island.

Nancy Bailey's son by another partnership, James E. Ries, purchased Charles Gnehm's interest in the real estate contract. James Ries is owed $50,513.85 plus interest under the contract, $2,912.60 for real estate taxes paid, and attorney's fees incurred in enforcing the real estate contract. The United States has stipulated that James Ries' interest in the property is superior to that of the United States and all other claimants.

On November 5, 1990, the King County Superior Court quieted title to the property in Nancy Bailey, based on the stipulations of David Garcia, James Ries, and Nancy Bailey. The United States was not made a party to the quiet title action.

Two other defendants, Lois Bell and Jack Verhultz, have judgment interests in the property, granted by King County courts in 1981. Lois Bell has conceded that her interest is inferior to those of the United States and James Ries. Jack Verhultz is currently being served by publication.

The United States brought this action to foreclose its federal tax lien against David Garcia's interest in the Mercer Island property, and has moved for summary judgment. Defendant Nancy Bailey has opposed the government's motion, and claims the right of redemption provided by Washington state law against the government's foreclosure sale.

## II. DISCUSSION

### A. State Law Property Interests Recognized in Foreclosure Sales.

Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, authorizes the judicial sale of property to satisfy the tax indebtedness of delinquent taxpayers. *United States v. Rodgers*, 461 U.S. 677, 680, 103 S.Ct. 2132, 2136, 76 L.Ed.2d 236 (1983). In *Rodgers*, a delinquent taxpayer's spouse, who did not have any tax liability, objected to the judicial sale of the family home to satisfy her spouse's tax indebtedness. *Id.* She claimed a separate "homestead" interest in the home as provided by Texas state law. The court nevertheless ordered the sale, but held that the nondelinquent spouse was entitled to as much of the sale proceeds as needed to completely compensate her for the loss of her homestead estate. *Id.* The Court found no contradiction between the "enforcement powers granted to the Government under § 7403 and the recognition of vested property interests granted to innocent third parties under state law." *Id.* at 698, 103 S.Ct. at 2145. The Court reasoned that in determining whether to authorize a forced sale under § 7403, the district court's "exercise of limited equitable discretion in individual cases can take into account both the Government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent parties will be unduly harmed by the effort." *Id.* at 709, 103 S.Ct. at 2151.

### B. Washington State's Redemption Rights.

Nancy Bailey contends that the house on Mercer Island must be sold subject to the right of redemption provided by Washington state statute, Wash.Rev.Code Ann. § 6.21.080 (West 1990). Nancy Bailey claims a right of redemption as successor in interest to the judgment debtor, David Garcia. Wash.Rev.Code Ann. § 6.23.010 (West 1990). The quiet title judgment shows that David Garcia gave his interest in the house to Nancy Bailey, although title passed with the tax lien attached to the property.

■ The quiet title judgment is not good against the United States. *Douglas–Guardian Warehouse Corp. v. Jordan,* 452 F.Supp. 558, 565 (E.D.Okla.1978) (prior quiet title judgment not dispositive of defendant's rights who was not joined in that action). Nancy Bailey, however, does not contest the government's right to force the sale of the Mercer Island property to satisfy its tax lien, rather her claim is that the sale is subject to her right of redemption.

■ Nancy Bailey claims redemption rights under Wash.Rev.Code Ann. §§ 6.23.-010 et seq. (West 1990). This would allow her to remain in the house for up to a year after the date of the sale. Wash.Rev.Code Ann. § 6.23.020(1)(b). The government contends that because Ms. Bailey did not have an interest in the property when the tax lien attached, *Rodgers* does not apply. The government argues that Ms. Bailey's lack of vested property rights at the time the lien attached means that Ms. Bailey may not assert a redemption right.

Ms. Bailey, however, is the successor in interest to David Garcia and as such she has the right to redeem. Wash.Rev.Code Ann. § 6.23.010 (West 1990) provides that a right of redemption may be asserted by a successor in interest to the property. Ms. Bailey may assert this right regardless of whether she acquired the interest before or after the lien attached. *Fidelity Mutual Sav. Bank v. Mark,* 112 Wash.2d 47, 767 P.2d 1382 (1989). In *Fidelity Mutual,* Albert and Mae Mark secured a loan with a mortgage on their house from plaintiff bank. Defendants were delinquent on their loan payments, and the bank obtained an order to foreclose the mortgage. *Id.* at 48–49, 767 P.2d 1382. After the sale, the Marks' family business filed a notice of its intent to redeem, stating that the business was the "assignee and successor in interest" to the Marks. *Id.* at 49, 767 P.2d 1382. The court reasoned that so long as the assignment of interest was valid, even if it occurred after the foreclosure sale, the successor in interest had a right to redeem. *Id.* at 51–55, 767 P.2d 1382.

## C. State Redemption Rights Recognized in Federal Law.

■ The Ninth Circuit has recognized the state law right of redemption in the context of several government foreclosure actions. *See, Whitehead v. Derwinski,* 904 F.2d 1362, 1364 (9th Cir.1990) (upholding application of Washington redemption rights upon judicial foreclosure of home loans guaranteed by the Veteran's Administration); *Dupnik v. United States,* 848 F.2d 1476 (9th Cir.1988) (upholding application of Arizona redemption rights upon foreclosure of Small Business Administration loan); *United States v. Pastos,* 781 F.2d 747 (9th Cir.1986) (upholding application of Montana redemption rights upon foreclosure of Small Business Administration loan); *United States v. Ellis,* 714 F.2d 953 (9th Cir.1983) (upholding application of Washington redemption rights upon foreclosure of Farmers Home Administration loan).

These cases are consistent with the Supreme Court's holding in *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 728–729, 99 S.Ct. 1448, 1458–59, 59 L.Ed.2d 711 (1979), that state law may be incorporated as the federal rule where its adoption would not frustrate specific objectives of the federal program and there is little need for a nationally uniform body of law. *Kimbell Foods* held that the relative priority of private liens arising from government lending programs should be determined under state laws. *Id.* at 740, 99 S.Ct. at 1464.

In *Ellis,* the court reasoned that where no federal statute or regulation provided for the redemption rights claimed under Washington state law, the state law would be adopted as federal common law if the state law could be given effect without conflicting with federal policy. 714 F.2d at 955. The court found that borrowers from the Farmers Home Administration were entitled to state law redemption rights because it did not conflict with any "clear and substantial interests" of the federal program. *Id.* at 956–957.

Similarly in *Pastos,* the court found that where neither the federal statute nor regulations addressed redemption rights and

where those rights did not conflict with federal policy, the court would adopt state law as federal common law. 781 F.2d at 751. The court reasoned that federal law should not be created that is "antithetical to state laws protecting debtors unless doing so is necessary to achieve the overriding purposes of Congress." *Id.* at 751. The court held that state redemption laws applied to the foreclosure of a Small Business Administration loan even where the loan contained an express waiver of the redemption rights. *Id.* at 752.

The United States argues that recognizing state law redemption rights would conflict with the federal policy behind judicial sales to enforce federal tax liens under 26 U.S.C. § 7403. The United States contends that the federal policy behind Section 7403 is to provide the federal government with the "opportunity to seek the highest return possible on the forced sale of property interests liable for the payment of federal taxes." United States Reply Memorandum at 4, *quoting, United States v. Rodgers*, 461 U.S. 677, 699, 103 S.Ct. 2132, 2145, 76 L.Ed.2d 236 (1983). The government contends that adopting state redemption laws would discourage any potential buyers from paying the fair market value of the property, therefore conflicting with federal policy.

While the Supreme Court noted the advantage of judicial sales because they allow the "highest possible return" on forced sales, the Court continued, "[n]evertheless, § 7403 is punctilious in protecting the vested rights of third parties caught in the Government's collection effort ..." *Id.*

The court finds that to collect the highest possible return on forced sales is not the overriding, single purpose of Section 7403. In *Rodgers*, the Supreme Court repeatedly demonstrated its concern that innocent third parties should not be unduly harmed by the government's collection effort. *Id.* at 709, 103 S.Ct. at 2150. In this case, Nancy Bailey is a single parent caring for two school-age children. She is the owner of the house subject to a federal tax lien incurred by her former partner's failure to pay taxes on his business.

The court therefore finds that the recognition of Washington state redemption laws, as provided by Wash.Rev.Code Ann. §§ 6.23.010 *et seq.* (West 1990), does not conflict with the federal policy behind Section 7403.

## III. CONCLUSION

It is hereby ORDERED, ADJUDGED, and DECREED that:

(1) The United States' motion for summary judgment is GRANTED in part and DENIED in part;

(2) Nancy Ries a/k/a Nancy Bailey's cross motion for summary judgment is GRANTED;

(3) the Mercer Island property at issue in this case shall be sold by the United States pursuant to 26 U.S.C. § 7403;

(4) the sale shall be subject to Nancy Ries a/k/a Nancy Bailey's right of redemption, as provided by Washington state statute, Wash.Rev.Code Ann. §§ 6.21.080 and 6.23.010 (West 1990).